*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITIZENS UNITED RECIPROCAL EXCHANGE, d/b/a CURE AUTO INSURANCE,

UNPUBLISHED
July 07, 2026
10:03 AM

Plaintiff/Counterdefendant-Appellant,

v

No. 374903
Wayne Circuit Court
LC No. 23-014266-NZ

CNMC INC, d/b/a GRAND SPORT MOTORING and GRAND SPORT COLLISION,

Defendant/Counterplaintiff-Appellee,

and

AREA TOWING & RECOVERY INC,

Defendant-Appellee,

and

GATEWAY TOWING LLC, 1 MILL TOWING & RECOVERY LLC, C&C TOWING SERVICE, NATIONWIDE RECOVERY, EARL'S TOWING AND RECOVERY, and TCC TOWING,

Defendants.

Before: YOUNG, P.J., and BORRELLO and TREBILCOCK, JJ.

PER CURIAM.

Plaintiff sought to recover in circuit court what it considered excessive fees arising out of the post-accident towing and storage of a vehicle belonging to one of its insureds. The circuit court dismissed the lawsuit for want of jurisdiction, determining that the Michigan Vehicle Code (MVC), MCL 257.1 et *seq*., granted exclusive jurisdiction to the district court. In its sole claim on appeal, plaintiff contends the circuit court improperly granted summary disposition in

-1-

defendants' favor based on its lacking subject-matter jurisdiction. We agree. Accordingly, we reverse the circuit court's order and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For purposes of this opinion, we take the facts as alleged in the operative complaint. Plaintiff, Citizens United Reciprocal Exchange (CURE), is a reciprocal exchange that provides no-fault insurance. One of its insureds was involved in a motor-vehicle accident requiring towing of her vehicle in accordance with one of the MVC's special anti-theft provisions, MCL 257.252d. As relevant here, that statute allows police to "provide for the immediate removal of a vehicle from public or private property to a place of safekeeping," if the vehicle: (1) "is in such a condition that the continued operation of the vehicle upon the highway would constitute an immediate hazard to the public," MCL 257.252d(1)(a); or (2) "has been involved in a traffic crash and cannot be safely operated from the scene of the crash," MCL 257.252d(1)(k).

The responding towing company, defendant Area Towing & Recovery, Inc. (Area Towing), turned the vehicle over to a repair facility owned by defendant CNMC, Inc., d/b/a Grand Sport Motoring and Grand Sport Collision (Grand Sport), in exchange for payment of its towing- and storage-related fees, which totaled $1,040. CURE sought release of the vehicle on behalf of its insured, but Grand Sport refused unless CURE reimbursed it for Area Towing's fees and paid thousands of dollars in additional charges related to Grand Sport's possession of the vehicle.

CURE paid the requested amounts and then sued Grand Sport and Area Towing in circuit court, alleging they participated in a scheme to unlawfully condition the vehicle's release on the payment of inflated or unjustified fees. On that basis, the operative complaint asserts common-law and statutory-conversion claims; violations of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*.; civil extortion; tortious interference with the insurance contracts between CURE and its insureds; unjust enrichment; and civil conspiracy to defraud and extort money from CURE.[1] In total, CURE claimed it paid $56,448.10 to Grand Sport, $5,704 of which was attributable to the subject vehicle.[2]

On Area Towing's subsequent motion for summary disposition, the circuit court determined that it lacked subject-matter jurisdiction over CURE's claims by virtue of MCL 257.252e(1). That statute grants the district (or municipal) court jurisdiction "to determine if a police agency, towing agency or custodian, or private property owner has acted properly in reporting or processing a vehicle" under MCL 257.252d. MCL 257.252e(1). The circuit court

---

[1] CURE also brought these claims against six other towing companies, all of which had similarly transported vehicles belonging to CURE's insureds to Grand Sport's repair facility. By the time the circuit court entered the order from which this appeal arises, however, CURE's claims against all six of those defendants had been dismissed—either through voluntary dismissal, entry of default, or failure of service. Accordingly, references to "defendants" throughout this opinion refer only to Area Towing and Grand Sport. Only Area Towing has filed an appellee brief in this Court.

[2] Invoices later submitted to the trial court indicate that CURE paid Grand Sport $6,274.40 to release the subject vehicle. Neither party addresses this discrepancy on appeal.

thus granted summary disposition in defendants' favor under MCR 2.116(C)(4) and dismissed CURE's lawsuit entirely. CURE now appeals as of right, asserting that the circuit court had jurisdiction over all claims.

## II. STANDARDS OF REVIEW

Summary disposition is appropriate under MCR 2.116(C)(4) when the circuit court lacks subject-matter jurisdiction. *Maple Manor Rehab Ctr, LLC v Dep't of Treasury*, 333 Mich App 154, 162; 958 NW2d 894 (2020). A circuit court deciding whether to grant such a summary-disposition motion "must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate that the court lacks subject-matter jurisdiction." *Doe v Gen Motors*, 511 Mich 1038, 1039 (2023). See also MCR 2.116(G)(5). This Court, in turn, reviews de novo the circuit court's resolution of a (C)(4) motion, *Maple Manor*, 333 Mich App at 162, as well as the underlying legal question of whether subject-matter jurisdiction exists, *id*. To the extent those inquiries involve questions of statutory interpretation, this Court likewise reviews those de novo. *Id*. at 163.

## III. ANALYSIS

### A. GENERAL OVERVIEW OF SUBJECT-MATTER JURISDICTION

Subject-matter jurisdiction refers to a court's authority "to exercise judicial power over a class or category of cases." *Mich Farm Bureau v Dep't of Environment, Great Lakes, & Energy*, 515 Mich 481, 512; 28 NW3d 629 (2024). Our Constitution and statutory schemes define the confines of such authority, *Teddy 23, LLC v Mich Film Office*, 313 Mich App 557, 564; 884 NW2d 799 (2015), which is a "prerequisite for a court to hear and decide" a party's claims, *Mich Farm Bureau*, 515 Mich at 512. Accordingly, courts are "duty-bound to recognize the limits of [their] subject-matter jurisdiction" and must dismiss actions over which it is lacking. *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 714; 909 NW2d 890 (2017).

Michigan's circuit courts are courts of general jurisdiction, *Prime Time Int'l Distrib, Inc v Dep't of Treasury*, 322 Mich App 46, 51; 910 NW2d 683 (2017), having under our Constitution "original jurisdiction in all matters not prohibited by law," Const 1963, art 6, § 13. See also Const 1963, art 6, § 1 (vesting state judicial power "exclusively in one court of justice" comprised in relevant part of a supreme court, a court of appeals, and a "trial court of general jurisdiction known as the circuit court . . ."). Our Legislature, however, has created an exception to this broad authority: circuit courts do not have jurisdiction over civil claims and remedies "where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. We thus presume a circuit court has "subject-matter jurisdiction over a civil action *unless* (1) Michigan's Constitution or a statute expressly prohibits it from exercising jurisdiction or (2) Michigan's Constitution or a statute gives to another court exclusive jurisdiction over the subject matter of the suit." *McKenzie v Dep't of Corrections*, 332 Mich App 289, 297; 957 NW2d 341 (2020).

A district court, on the other hand, is a legislatively created court of limited jurisdiction. *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 216; 884 NW2d 238 (2016). Unless a different jurisdictional statute applies, its authority to decide civil actions under MCL 600.8301(1)

is limited to those in which the amount in controversy does not exceed $25,000. *Id*. But those general limitations give way to more specific statutory jurisdictional grants, regardless of the amount in controversy. *Clohset v No Name Corp*, 302 Mich App 550, 560-563; 840 NW2d 375 (2013). See also *Reynolds v Robert Hasbany MD PLLC*, 323 Mich App 426, 433-434; 917 NW2d 715 (2018) (specific grant of jurisdiction takes precedence over general grant, regardless of the amount in controversy).

## B. SUBJECT-MATTER JURISDICTION AND MCL 257.252E

With these principles in mind, we turn to the twofold jurisdictional question before us: (1) whether MCL 257.252e(1) divests our circuit courts of jurisdiction; and (2) if so, whether CURE's claims against defendants fell within the statute's jurisdictional mandate.

Resolution of these questions requires us to engage in statutory interpretation, the goal of which "is to give effect to the Legislature's intent, focusing first on the statute's plain language." *Batista v Office of Retirement Servs*, 515 Mich 283, 297; 29 NW3d 115 (2024) (quotation marks and citations omitted). In so doing, we apply clear and unambiguous statutory language as written, *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 917 NW2d 584 (2018), reading "nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself," *id*. (quotation marks and citation omitted). But we do not do so "in a vacuum." *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 51; 964 NW2d 378 (2020). Rather, "we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme." *Batista*, 515 Mich at 297-298 (quotation marks and citations omitted). In other words, "[a] statute must be read in its entirety and the meaning given to one section arrived at after consideration of other sections so as to produce, if possible, a[] harmonious and consistent enactment as a whole." *In re Estate of Durbin*, 205 Mich App 113, 118; 517 NW2d 261 (1994).

### 1. JURISDICTIONAL GRANT

CURE claims MCL 257.252e(1) does not divest circuit courts of jurisdiction over claims arising under the MVC's special anti-theft provisions. We disagree.

Our review begins with the statutory language at issue. *McQueer*, 502 Mich at 286. The operative language contained in MCL 257.252e(1) provides that two courts "have jurisdiction to determine if a police agency, towing agency or custodian, or private property owner has acted properly in reporting or processing a vehicle under" MCL 257.252d: "(a) The district court" and "(b) A municipal court." This plain language unambiguously grants jurisdiction over applicable claims (i.e., those involving the reporting or processing of a vehicle under MCL 257.252d) to the district court or municipal court—but not the circuit court.

CURE does not identify, and we have not found, any statute likewise granting the circuit courts jurisdiction over such claims. Instead, in cases in which the amount in controversy exceeds $25,000, such jurisdiction (if any) would arise under MCL 600.605. As discussed, that statute generally grants circuit courts "original jurisdiction to hear and determine all civil claims and remedies," unless our Constitution or statutes give exclusive jurisdiction to another court or

-4-

otherwise deny the circuit court jurisdiction. MCL 600.605. See also *McKenzie*, 332 Mich App at 297.

Assuming without deciding that the amount in controversy here exceeds $25,000, MCL 257.252e(1) and MCL 600.605 appear at first blush to provide jurisdiction to different courts. To resolve such a conflict, this Court applies the following rule:

> Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act, as the Legislature is not to be presumed to have intended a conflict. [*Reynolds*, 323 Mich App at 432 (quotation marks and citations omitted).]

Because the applicable provision of Michigan's MVC—MCL 257.252e(1)—is more specific to the present circumstances than MCL 600.605, we must presume our Legislature intended the former to act as an exception to the latter's general jurisdictional grant. Accordingly, in claims arising under MCL 257.252d, such jurisdiction rests only with district or municipal courts.

Looking at the MVC's special anti-theft laws as a whole buttresses this conclusion. *Batista*, 515 Mich at 297-298; *Estate of Durbin*, 205 Mich App at 118. Take MCL 257.252f, which sets forth certain hearing procedures and decisions. It makes no mention of the circuit court, instead referring only to the district court. MCL 257.252f(4). CURE's position here would force us to strike "district court" from that provision, rendering it nugatory. That we cannot do. See *Ahmed v Tokio Marine America Ins Co*, 337 Mich App 1, 8; 972 NW2d 860 (2021) ("In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory.") (quotation marks and citation omitted).

Finally, we reject CURE's jurisdictional arguments under the doctrine of *expressio unius est exclusio alterius*, "a principle of statutory interpretation meaning the expression of one thing is the exclusion of another." *Mr Sunshine v Delta College Bd of Trustees*, 343 Mich App 597, 607; 997 NW2d 755 (2022) (quotation marks and citation omitted). That doctrine applies where "the items expressed are members of an associated group or series, justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Id*. (quotation marks and citation omitted). See also *Comm for Marshall-Not Megasite v City of Marshall (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 369603); slip op at 13 (applying the doctrine to conclude that, "where the Legislature grants certain authority to a specific defined entity, this inclusion 'operates to exclude' the provision of such authority to other unnamed entities"). That is the case here. In MCL 257.252e(1), our Legislature granted "the following courts jurisdiction" over the applicable class of claims: the district court or municipal court. While that provision does not insert the term "exclusive" before the word "jurisdiction," the Legislature's exclusion of the circuit court from the enumerated courts of jurisdiction resolves any doubt to the contrary.

For these reasons, we hold that MCL 257.252e(1) divests the circuit court of jurisdiction over claims arising under MCL 257.252d.

## 2. APPLICABILITY OF MCL 257.252E TO CURE'S CLAIMS

CURE alternatively asserts that, even if MCL 257.252e(1) divests circuit courts of jurisdiction, the circuit court nonetheless erred by granting summary disposition for want of jurisdiction in this case because CURE's claims are not of the class contemplated by the statute. On this point, we agree.[3]

MCL 257.252e(1) provides, in full:

(1) The following courts have jurisdiction to determine if a police agency, towing agency or custodian, or private property owner has acted properly in reporting or processing a vehicle under section 252a, 252b(6) to (11), or 252d:

(a) The district court.

(b) A municipal court.

At issue is whether CURE's claims against defendants constitute challenges to the "processing" of the subject vehicle under that provision.[4]

Our Legislature chose not to define the term "processing," so we first turn to dictionary definitions to ascertain its plain and ordinary meaning. *Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 464; 965 NW2d 232 (2020). That term is relevantly defined as "[t]o put through the steps of a prescribed procedure," *The American Heritage Dictionary of the English Language* (5th Ed), p 1404, "to subject to a special process or treatment," Merriam-Webster.com Dictionary, *Processing* <https://www.merriam-webster.com/dictionary/processing#dictionary-entry-2> (accessed May 29, 2026), and "to subject to or handle through an established usually routine set of procedures," *id*. As applicable here, these definitions indicate that the term "processing" in MCL 257.252e(1) refers to the following of the legislatively prescribed procedure under MCL 257.252a, MCL 257.252b(6) through (11), or MCL 257.252d. Those provisions, in turn, give meaning to the word "processing" by setting forth the particular procedure relevant to each.

---

[3] CURE challenges the district court's jurisdiction over its claims on additional grounds, such as its assertion that Grand Sport does not qualify as a "custodian" under MCL 257.252e(1). We decline to address these arguments, however, because CURE raises them for the first time on appeal. *Tolas Oil & Gas Exploration Co v Bach Servs and Mfg, LLC*, 347 Mich App 280, 289-290; 14 NW3d 472 (2023). Similarly, we need not address CURE's arguments regarding the inapplicability of the exclusive-remedy provision set forth in MCL 257.252e(4), because the circuit court already found that provision inapplicable and did not tether its decision to that provision.

[4] Neither party asserts that CURE's claims relate to "reporting," as used in MCL 257.252e(1).

-6-

As discussed, Area Towing removed the subject vehicle from the scene of an accident at the direction of police, in accordance with MCL 257.252d(1)(a) or (k). The remainder of the statute enumerates the process a police agency, towing agency, or custodian must undertake in connection with such a removal:

(2) Unless the vehicle is ordered to be towed by a police agency or a governmental agency designated by a police agency under subsection (1)(a), (d), (e), or (k), if the owner or other person that is legally entitled to possess a vehicle to be towed or removed arrives at the location where the vehicle is located before the actual towing or removal of the vehicle, the vehicle must be disconnected from the tow truck, and the owner or other person that is legally entitled to possess the vehicle may take possession of the vehicle and remove it without interference upon the payment of the reasonable service fee, for which a receipt must be provided.

(3) A police agency that authorizes the removal of a vehicle under subsection (1) shall do all of the following:

(a) Check to determine if the vehicle has been reported stolen before authorizing the removal of the vehicle.

(b) Enter the vehicle into the law enforcement information network as an impounded vehicle within 24 hours after ordering the impound of the vehicle. Except as provided in subsection (5), if the vehicle has not been redeemed by the owner within 7 days after the impound, the towing agency shall notify the police agency of that fact and the police agency shall deem the vehicle abandoned. The police agency shall enter the vehicle into the law enforcement information network as abandoned within 24 hours of notification by the towing agency, and follow the procedures set forth in section 252a.

(4) If an impounded vehicle is released before the police agency enters the vehicle into the law enforcement information network as abandoned, the towing agency or custodian shall notify the police agency that authorized the removal within 24 hours of releasing the impounded vehicle.

(5) A vehicle impounded under subsection (1)(d), (e), or (k) must first be released by the police agency that authorized the removal prior to the towing agency or custodian releasing the vehicle to the vehicle owner.

(6) Not less than 20 days but not more than 30 days after a vehicle has been released under subsection (5), the towing agency or custodian shall notify the police agency to enter the vehicle as abandoned and the police agency shall enter the vehicle into the law enforcement information network as abandoned within 24 hours of receiving notice and follow the procedures set forth in section 252a if the impounded vehicle has not been redeemed.  [MCL 257.252d(2) to (6).]

The claims at issue do not on their face arise from these procedural steps under the MVC. CURE's operative complaint raised claims of common-law and statutory conversion, violations of the MCPA (and a related request for declaratory relief), civil extortion, tortious interference with CURE's insurance contract with its insured, unjust enrichment, and civil conspiracy to defraud and extort money from CURE. Each is predicated on the alleged unreasonableness of defendants' charges and unlawful conditioning of the vehicle's release on payment of those charges. Such claims fall outside the scope of MCL 257.252d's prescribed procedure. In other words, the MVC does not "expressly prohibit[]" a circuit court from exercising jurisdiction over CURE's claims or give another court "exclusive jurisdiction over the subject matter of the suit." *McKenzie*, 332 Mich App at 297.

Indeed, nothing in MCL 257.252d's procedural provisions relates to the propriety of a towing agency conditioning the release of a vehicle on the payment of fees. And while MCL 257.252d(2) discusses an owner's ability to "take possession of the vehicle . . . upon the payment of the reasonable service fee" under certain circumstances, that provision's express terms render it inapplicable to the type of towing at issue here—i.e., one authorized under MCL 257.252d(1)(a) or (k). CURE's claims therefore do not sound in the procedure set forth in MCL 257.252d.

This stands in stark contrast to the procedures prescribed in MCL 257.252a and MCL 257.252b(6) through (11), the remaining (but inapplicable) provisions that inform the meaning of the term "processing" in MCL 257.252e(1). Unlike MCL 257.252d, those statutory provisions allow contests to "the reasonableness of the towing fees and daily storage fees" through a hearing. MCL 257.252a(6); MCL 257.252b(8). Analyzing the procedure set forth in MCL 257.252d within this larger statutory context, *Estate of Durbin*, 205 Mich App at 118, we cannot conclude that "processing" claims arising under that statute similarly include challenges to the reasonableness of towing or storage fees for purposes of MCL 257.252e(1)'s exclusive jurisdictional grant. To do so would require us to read language into MCL 257.252d's plain and unambiguous procedural provisions that simply is not there, which we cannot do. *McQueer*, 502 Mich at 286.

Because CURE's claims fall outside the scope of MCL 257.252e(1)'s jurisdictional grant and the parties have not identified any other statutory or constitutional provision vesting jurisdiction in the district court, the general jurisdictional provisions discussed at length earlier in this opinion apply. See MCL 600.605; MCL 600.8301(1); see also *Hodge*, 499 Mich at 216 ("The plain language of MCL 600.8301(1), read in conjunction with art. 6, § 1 and MCL 600.605, establishes that, in civil actions where no other jurisdictional statute applies, the district court is limited to deciding cases in which the amount in controversy does not exceed $25,000."). Accordingly, assuming the amount in controversy here exceeds $25,000, subject-matter jurisdiction lies with the circuit court. The circuit court, therefore, erred by granting summary disposition in defendants' favor under MCR 2.116(C)(4).[5]

---

[5] In light of this conclusion, we need not consider the remainder of the parties' arguments.

## IV.  CONCLUSION

For these reasons, we reverse the circuit court's judgment and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Stephen L. Borrello
/s/ Christopher M. Trebilcock